UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Ryan Picha and Kristy Picha,                    Case No. 19-cv-2240 (MJD/DTS)

      Plaintiffs,

v.                                              **REPORT AND RECOMMENDATION**

SunTrust Mortgage, Inc.;
Mortgage Electronic Registration
System (MERS); CMG Mortgage, Inc.
*d/b/a* CMG Financial #1820; and
Northpointe Bank,

      Defendants.

---

Ryan Picha and Kristy Picha, 24350 Virgo St. NE, Stacy, MN 55077, *Pro Se* Plaintiffs

Angela Beranek Brandt, Larson King, LLP, 30 East Seventh Street, Suite 2800, St. Paul, MN 55101, for Defendant SunTrust

---

Defendant SunTrust Bank[1] removed this lawsuit to federal court on August 13, 2019 alleging jurisdiction based on diversity of citizenship. Notice of Removal ¶¶ 5-16, Docket No. 1. On August 26, 2019 Plaintiffs Ryan Picha and Kristy Picha filed a "Motion to Quash Process of Removal, to Strike, Overrule, and Deny Defendants' Motion to Remove and to Remand to the State to Proceed Regarding Substantive and Common Law Jural Rights Protections." Docket No. 6. For the reasons stated below, the Court concludes that SunTrust's removal of this lawsuit was proper and therefore recommends denying Plaintiffs' motion to remand.

---

[1] SunTrust Bank states that it is incorrectly named in the Complaint as SunTrust Mortgage, Inc. *See* Notice of Removal at 1 n.1, Docket No. 1.

**FINDINGS OF FACT**

On or about June 24, 2019 the Pichas initiated this lawsuit in Anoka County District Court. Complaint, Docket No. 1-1. The Complaint seeks to quiet title to the real property at issue, enjoin any foreclosure or sale, release all liens, declare the Pichas the owners of the property, and recover damages. *Id.* at 2, 29-30. The Pichas allege the property is valued at over $200,000 and seek other damages in the amount of $66,900. *Id.* at 18. The Complaint states that they are citizens of Minnesota. *Id.* at 4, 7.

Although the lawsuit was not served on SunTrust, SunTrust became aware of the Complaint on or about July 15, 2019. Notice of Removal ¶ 3, Docket No. 1. On August 13, 2019 SunTrust removed the lawsuit to federal court under 28 U.S.C. § 1332 alleging diversity of citizenship and an amount in controversy in excess of $75,000. *Id.* ¶¶ 5-9. SunTrust alleges that, for diversity purposes, it is a citizen of Georgia; Mortgage Electronic Registration System (MERS) is a citizen of Virginia and Delaware; CMG Mortgage, Inc. is a citizen of California; and Northpointe is a citizen of Michigan. *Id.* ¶¶ 12-16.

On August 26, 2019 the Pichas filed a "Motion to Quash Process of Removal, to Strike, Overrule, and Deny Defendants' Motion to Remove and to Remand to the State to Proceed Regarding Substantive and Common Law Jural Rights Protections." Docket No. 6. They did not comply with the requirements of District of Minnesota Local Rule 7.1 for filing civil motions and did not obtain a hearing date for their motion to remand. On August 28, 2019 SunTrust filed a response opposing the motion. Docket No. 7.

**CONCLUSIONS OF LAW**

Defendants in a civil action in state court may remove it to federal court if the action could have originally been brought there. 28 U.S.C. § 1441(a). Federal courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." *Id.* § 1332(a). Complete diversity of citizenship is required. *Owen Equipment & Erection Co. v. Kroger,* 437 U.S. 365, 373 (1978). Thus, diversity jurisdiction exists only when each defendant is a citizen of a different State from each plaintiff. *Id.* In addition, when federal court jurisdiction is based on diversity of citizenship, removal is permissible only if no defendant is a citizen of the State in which the action is brought. 28 U.S.C. § 1441(b). The party seeking removal bears the burden to establish federal subject matter jurisdiction. *Cent. Iowa Power Coop. v. Midwest Indep. Transmission Sys. Operator, Inc.*, 561 F.3d 904, 912 (8th Cir. 2009).

The Pichas' remand motion does not dispute the State of citizenship of any party named in the lawsuit, or that there is complete diversity of citizenship among the named parties. Rather, they contend there are unnamed nonparty attorneys who are Minnesota citizens and were involved in debt collection activities, apparently arguing that this negates diversity jurisdiction. *See* Motion at 6-9, Docket No. 6. But the Pichas did not name them as defendants in their Complaint, so whether any of them is a Minnesota citizen is irrelevant. *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 88, 91 (2005) (removing defendant does not have the burden to negate the existence of a potential codefendant whose presence in the action would destroy diversity).

3

The law Plaintiffs cite is inapplicable to the facts here. For example, they cite § 1441(b)(2), which prohibits removal on diversity grounds if a defendant is a citizen of the forum state. Motion at 9-10, Docket No. 6. No defendant here is a citizen of Minnesota. They also argue that Defendants acted in "bad faith" under § 1446(c)(1). *Id.* at 7-8. But this provision pertains to the one-year limitation period for removal (which is not at issue here), and it affords relief to a removing defendant, not to a plaintiff seeking remand. The remainder of Plaintiffs' motion argues that no federal question is presented in their Complaint. *Id.* at 2-4, 6, 12. But SunTrust did not invoke federal question jurisdiction under § 1331 to remove this action; rather, its removal is based on diversity jurisdiction under § 1332. Therefore, the absence of a federal question does not compel remand.

Plaintiffs' remand motion makes inconsistent statements regarding the jurisdictional amount in controversy. They make a conclusory statement at the end of their motion that "[f]or diversity purposes the $75k threshold was not even met," but they offer no arguments in support. *See* Motion at 12, Docket No. 6. Elsewhere they suggest the threshold was met due to the value of the property at issue: "Additionally, Plaintiff seeks the insurance limits which may be less than $75,000.00 but state law has stated that the value of the suit is the certified appraised price of the HOME." *Id.* at 7. In actions for declaratory or injunctive relief, the amount in controversy is measured by the value of the object of the litigation. *James Neff Kramper Family Farm P'ship v. IBP, Inc.*, 393 F.3d 828, 833 (8th Cir. 2005). Here the Complaint states that the property at issue has a value of at least $200,000 and that Plaintiffs seek other damages in the amount of $66,900. Complaint at 18, Docket No. 1-1. The Court finds that the amount in controversy requirement is satisfied.

5

## RECOMMENDATION

IT IS HEREBY RECOMMENDED that Plaintiffs' Motion to Quash Process of Removal, to Strike, Overrule, and Deny Defendants' Motion to Remove and to Remand to the State to Proceed Regarding Substantive and Common Law Jural Rights Protections [Docket No. 6] be DENIED.

Dated: September 10, 2019

*s/ David T. Schultz*
DAVID T. SCHULTZ
United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).